Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ENRIQUE ANTONIO QUIÑONES BARANDA H/N/C TOP ALIGMENT & TIRE CENTER<br><br>Recurrido<br><br>v.<br><br>LUIS F. CABALLERO GONZÁLEZ<br><br>Peticionario | KLCE202400404 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso núm.: CG2021CV03077 (702)<br><br>Sobre: Interdicto Posesorio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de abril de 2024.

El Tribunal de Primera Instancia ("TPI") determinó no considerar, por tardía, la oposición de una parte a una moción de sentencia sumaria presentada por la otra parte. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos intervenir en esta etapa con lo actuado por el TPI.

I.

En noviembre de 2021, el Sr. Enrique Antonio Quiñones Baranda, h/n/c *Top Alignment & Tire Center*, presentó la acción de referencia, sobre *injunction* posesorio, contra el Sr. Luis F. Caballero González (el "Dueño"). Alegó que ha operado un negocio (la "Gomera") en una estación de gasolina en Caguas (la "Estación") por los últimos 24 años.

El demandante sostuvo que, en el 2018, el Dueño se "present[ó] como el nuevo dueño" de la Estación y le indicó que se mantendría el arrendamiento a la Gomera de su espacio en la Estación. No obstante, aseveró que, en noviembre de 2021, recibió

una carta de una abogada del Dueño concediéndole hasta el final de ese mes para desalojar "las instalaciones" de la Gomera. El demandante solicitó que al TPI que le ordene al Dueño "cesar y desistir de interrumpir de forma ilegal ... el uso pacífico" de la propiedad en la que opera el Negocio.

En lo pertinente al asunto ante nuestra consideración, en **julio de 2023**, el demandante presentó una *Solicitud de Sentencia Sumaria* (la "Moción").

Aproximadamente seis meses luego, en **enero de 2024**, el Dueño presentó una *Oposición a Solicitud de Sentencia Sumaria y Solicitud de Desestimación* (la "Oposición").

Mediante unas órdenes notificadas el 8 de marzo (las "Órdenes"), el TPI dio la Oposición por "no presentada" e informó que daba por sometida la Moción "sin oposición".

El 12 de marzo, el Dueño solicitó la reconsideración de las Órdenes. Arguyó que su Oposición contenía una solicitud de resolución sumaria y que, por tanto, si el TPI pretendía denegarla, tenía que informar "cuáles hechos han quedado probados y cuáles permanecen en controversia".

Mediante una Orden notificada el 20 de marzo, el TPI denegó la referida moción de reconsideración; razonó que la Oposición se presentó "fuera del término reglamentario".

Inconforme, el 8 de abril, el Dueño presentó el recurso que nos ocupa; reproduce lo planteado ante el TPI. Disponemos[1].

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913,

---

[1] El Dueño también presentó una moción en auxilio de jurisdicción, la cual fue oportunamente denegada.

917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. ...

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## III.

Como cuestión de umbral, resaltamos que no está claro que tengamos autoridad para intervenir con las Órdenes. Mediante las mismas, el TPI no adjudicó los méritos de la solicitud de sentencia sumaria que el Dueño asevera está contenida en su Oposición. El TPI únicamente determinó que no la consideraría por haberse presentado de forma tardía. Independientemente de la corrección de dicha apreciación, se trata de un asunto que podría considerarse como no contemplado bajo la Regla 52.1, *supra*.

En cualquier caso, aun si tuviésemos autoridad para revisar las Órdenes, en el ejercicio de nuestra discreción a la luz de los factores enumerados en la Regla 40, *supra*, declinaríamos intervenir en esta etapa con la determinación del TPI.

Adviértase que los tribunales apelativos no intervenimos con el manejo de los casos ante el TPI "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *ELA v. Asoc. De Auditores*, 147 DPR 669 (1999); *Meléndez v. Caribbean Intl. News*, 151 DPR 649 (2000). Resaltamos que nuestra función, en este contexto, no es sustituir nuestro criterio por el del TPI, sino determinar si estamos ante circunstancias extraordinarias que

requieran apartarnos de la regla general que nos requiere brindar deferencia al manejo de caso por el TPI.

Las Órdenes constituyeron un ejercicio de discreción del TPI en cuanto al manejo del caso ante sí. Al tomar en cuenta que la Moción aún está pendiente de adjudicación, no estamos en la etapa más propicia para intervenir en el caso. Una vez se adjudiquen los méritos de la Moción, la parte adversamente afectada podrá solicitar nuestra intervención. Por ejemplo, en caso de que la misma se conceda por el TPI, el Dueño podrá apelar y, si lo estima procedente, incluir como señalamiento de error la determinación del TPI de no considerar la Oposición.

Finalmente, aclaramos que, contrario a lo planteado por el Dueño, en el contexto particular de lo aquí actuado por el TPI, dicho foro no tenía que consignar los hechos controvertidos y no controvertidos. Primero, porque el TPI realmente no adjudicó los méritos de la Oposición, sino que únicamente la dio por no puesta, al razonar que la misma resultaba tardía. Segundo, porque, de todas maneras, el TPI todavía tiene pendiente la Moción y, por tanto, no hay certeza todavía sobre la necesidad de un juicio. Adviértase que el propósito del requisito de requerir que el TPI consigne los hechos controvertidos y no controvertidos, al denegar una moción de sentencia sumaria, es organizar y facilitar la celebración del juicio que se hace necesario como resultado de ello.

IV.

Por los fundamentos antes expuestos, se deniega el auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones